**818**

## LUSCOMB et al. v. COMMISSIONER OF INTERNAL REVENUE.

Circuit Court of Appeals, Second Circuit.
February 18, 1929.

No. 186.

Sullivan & Cromwell, of New York City (Edward H. Green, and Stoddard M. Stevens, Jr., both of New York City, of counsel), for petitioners.

Mabel Walker Willebrandt, Asst. Atty. Gen., Sewall Key, and John H. McEvers, Sp. Asst. Attys. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, Irwin R. Blaisdell, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM. A deficiency in an estate tax accruing during the year 1923 was entered by the Board of Tax Appeals. The petitioner seeks a review pursuant to the provisions of the Revenue Act of 1926 (chapter 27, §§ 1001–1003, 44 Stat. 9, 109, 110 [26 USCA §§ 1224–1226]). It was held that gifts made by the decedent were so made in contemplation of death, and an appropriate tax therefor was imposed. The deceased died at the age of 72 years on May 26, 1923. The gifts were made to his wife, daughter and son on January 31, 1923, and March 27, 1923, amounting in all to $421,200. At the time of these gifts, he possessed about $1,000,000. The Board of Tax Appeals found, upon evidence which tends to support the finding, that such gifts were given in contemplation of death.

Considering the decedent's state of health and illness, the family relations and his interest in his obligations to his family, there is sufficient upon which the board might well have reached its conclusion. This court will not review a finding of fact, except to the extent of determining whether or not it is supported by any substantial evidence. Avery v. Commissioner of Internal Revenue (C. C. A.) 22 F.(2d) 6, 55 A. L. R. 1277; Brown v. Commissioner (C. C. A.) 22 F.(2d) 797; Henderson Iron Works & Supply Co. v. Blair, 58 App. D. C. 114, 25 F.(2d) 538.

Section 402, subd. (c), of the Act of 1921 (42 Stat. 227, 278), provides that a transfer of a material part of property of a decedent in the nature of a final disposition or distribution thereof made by decedent within two years' prior to his death, without a consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death. Due regard must be had for this presumption, as well as the finding of the board against the taxpayer.

The decree is affirmed.