R. D. JONES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 69858.   Promulgated January 26, 1934.

*George E. H. Goodner, Esq.*, for the petitioner.
*Carl R. Perkins, Esq.*, for the respondent.

#### OPINION.

SMITH: This proceeding involves a deficiency in petitioner's income tax for the calendar year 1930 in the amount of $230.97. The petitioner alleges that the respondent erred in disallowing a deduction of $9,700, representing the amount of a loss which he sustained on an investment in certain shares of stock which became worthless in that year.

In 1927 the petitioner acquired at a cost of $2,700, 2,700 shares of common stock of the Monarch Royalty Corporation, a Delaware corporation, which was engaged in the business of dealing in oil lands and oil royalties. He also acquired at a price of $7,000, 7,000 shares of the $1 par value preferred stock of the same corporation. By a change in its charter during the early part of 1930 provision was made for the issuance of preferred A shares of no par value. Preferred stockholders were given an opportunity to exchange 15 shares of preferred stock for one share of the class A preferred.

In March 1930 the petitioner exchanged his 7,000 shares of preferred stock of the Monarch Royalty Corporation for 467 shares of the class A preferred stock, no par value, and paid $5 in cash representing an additional amount due on the basis of the exchange. The class A preferred stock was entitled to ten times the dividend payable on the $1 par value preferred stock and, in case of liquidation of the company, to priority at the same rate, that is, ten to one. In September 1930 the Monarch Royalty Corporation had outstanding 5,000,000 shares of preferred stock of the par value of $1 per share, 153,260 shares of class A preferred stock of no par value, and 2,000,000 shares of common stock of no par value.

The Monarch Royalty Corporation was actively engaged in a stock-selling campaign during the year 1929 and during the first half of 1930. In the furtherance of its business it caused an appraisal of its oil and gas royalties to be made as of December 31, 1929, by W. O. Ligon & Co. The company had no property of any substantial value aside from its royalties. In 1930 another appraisal was made by one Allport, which showed total assets as of April 30, 1930, of $5,674,488.49. The company was placed in the hands of a receiver at the instigation of creditors on November 8, 1930. Claims filed by creditors in 1930 amounted to $300,000.

Between April 30 and November 8, 1930, the date of the receivership, the Monarch Royalty Corporation sold 67 producing properties for $68,395. These properties were appraised by one Roach as of January 31, 1929, at $359,221.48, and by W. O. Ligon & Co., as of December 31, 1929, at $227,240.02. During the same period the corporation also sold nine properties for $30,000 which had been appraised by Roach as of January 31, 1929, at $113,437.60, and by W. O. Ligon & Co. as of December 31, 1929, at $54,047.93.

The appraisals and books of the corporation could not be submitted in evidence by the petitioner because they were in the hands of the postal authorities, who had had them for a long period.

The Monarch Royalty Corporation is still in the hands of a receiver. The present receiver was appointed June 14, 1932. He testified that the board of directors of the corporation appraised its assets prior to the date of his appointment at approximately $270,000; that the appraisal was made either in 1932 or very late in 1931.

The petitioner testified that after the corporation went into the hands of a receiver on November 8, 1930, he " made diligent effort to sell that stock [common and preferred A shares] at some consideration and I was unable to get an offer from anyone for that stock." The present receiver for the corporation testified that in his opinion the common shares were worthless in 1930, and in fact

worthless in 1929. O. A. Steiner, a security dealer and broker in Tulsa, Oklahoma, the location of the operations of the Monarch Royalty Corporation, stated that he was familiar with the value of the stock of the company in December 1930; that brokers were unable to find a market for the common stock at that time; that in his opinion it had no value; that he had tried but could make no sales of preferred A stock which, at or about the time of the receivership, was quoted at 18 to 20 cents a share; that a great many shares of common and preferred stock were offered for sale in December 1930, but that he did not remember consummating a single sale after the company went into the receivership; and that he judged the fair market value of class A preferred stock in December 1930 only from the quoted price coming out in the Trader's Stock Reports, which showed quotations at 4, 6, and 10 cents a share.

In this proceeding the petitioner contends that he sustained a loss in 1930 of his investment in the common shares of the Monarch Royalty Corporation by reason of the fact that those shares became worthless in 1930. At the hearing of this proceeding counsel for the respondent admitted that the evidence showed them to be worthless in 1930, but contended that they were worthless in 1929. Therefore, the only question for our determination with respect to the claimed loss of the investment in the common shares is whether those shares became worthless in 1930 or in 1929. In whichever year they became worthless the investment in such shares is a deduction from gross income of that year under article 174 of Regulations 74.

We are constrained to hold that the common stock became worthless in 1930. The evidence of record shows that an extensive stock-selling campaign was put on by the Monarch Royalty Corporation in 1929, which extended into the year 1930. It is inconceivable without proof that the common shares became worthless prior to the end of the stock-selling campaign, which was apparently in the middle of the year 1930. In our opinion the appointment of the receiver for the corporation was the " identifiable event " which fixed the loss as one of the year 1930. *United States* v. *White Dental Mfg. Co. of Pennsylvania*, 274 U.S. 398.

There is the further question as to whether the petitioner's investment in the class A preferred shares, amounting in all to $7,005, became worthless in 1930. The petitioner testified that after diligent effort he could not find anyone who would make him an offer for either his common or preferred shares. The record does not indicate, however, the fair value of the assets of the Monarch Royalty Corporation at the close of 1930. Apparently there were no bonds outstanding. Claims of approximately $300,000 were filed against the corporation, but these were settled for an amount not to exceed approximately $30,000. The preferred A shareholders were entitled to

preference upon any liquidation of the company. Although the preferred A shares may have had at December 31, 1930, little more than a nominal value, the evidence is not conclusive that they did not have some value. The fact that the petitioner could not find any purchaser for his shares at the time he offered them for sale is not conclusive evidence, in the light of all of the other evidence in the record, that they were worthless at the end of 1930. We therefore sustain the Commissioner's contention that the petitioner is not entitled to deduct from his gross income of 1930 any amount representing a loss of his investment in the preferred A shares.

*Judgment will be entered under Rule 50.*