## BENJAMIN v. COMMISSIONER OF INTERNAL REVENUE.

### No. 225.

Circuit Court of Appeals, Second Circuit.

April 30, 1934.

William R. Conklin and Edward S. Bentley (Edward S. Bentley, of New York City, of counsel), both of New York City, for petitioner.

Frank J. Wideman, Asst. Atty., Gen., and Sewall Key and Carlton Fox, Sp. Assts. to Atty. Gen., for respondent.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

This petition seeks a review of a decision of the Board of Tax Appeals involving a deficiency in petitioner's income tax for the year 1926. The question presented is whether a deductible loss occurred in the taxable year of 1926 or 1927 on the cost of 7,318 shares of common stock of the Standard Soapstone Corporation. Revenue Act of 1926, c. 27, §§ 204, 214, 44 Stat. 9, 14, 26 (26 USCA §§ 935, 955).

The corporation mined soapstone from quarries and owned and operated a mill to prepare that product for market. Various difficulties were encountered in quarrying the stone, and the operation was stopped in December, 1926. The mill was shut down because of failure to produce an adequate quantity and quality of stone. Exploration work and test drilling were carried on on other properties during the early months of 1927, with the hope of obtaining some new sources of soapstone. Options were also taken on other property in 1926 and 1927. Ultimately convinced that commercial soapstone could not be produced, all operations were suspended by the petitioner and the company liquidated.

In the petitioner's original return, she claimed the loss here in question, not in 1926, but in 1927. Subsequent to 1928 she filed an amended return for 1927 in which she alleged the stock became worthless in 1926 and asked to deduct her loss in that year. The Board, admitting the stock to be worthless, held, in view of the activities of the corporation in 1927, coupled with a large investment of money made late in 1926, that the petitioner and her associates did not consider the stock worthless until 1927, that, discouraging as the 1926 situation might be, the stock did not become worthless until 1927, and petitioner was not entitled to a deduction until that year.

The loss deductible under section 214 of the Revenue Act of 1926 (26 USCA § 955) should be, as provided by article 141, Treasury Regulation 69, losses evidenced by closed and completed transactions. United States v. S. S. White Dental Mfg. Co., 274 U. S. 398, 47 S. Ct. 598, 71 L. Ed. 1120; New York Life Ins. Co. v. Edwards, 271 U. S. 109, 46 S. Ct. 436, 70 L. Ed. 859. To prevail, the petitioner should be able to establish that (a) she disposed of the stock at a loss or (b) some identifiable event occurred by which the loss was clearly evidenced. She must, to reverse the Board, show that no substantial evidence sustains the ruling here reviewed.

Phillips v. Com'r of Internal Revenue, 283 U. S. 589, 51 S. Ct. 608, 75 L. Ed. 1289; Luscomb v. Com'r, 30 F.(2d) 818 (C. C. A. 2); Bedell v. Com'r, 30 F.(2d) 622 (C. C. A. 2).

The Board could find that the real purpose of taking options in 1927 and continuing the prospecting operations on the property until March of that year, was to find soapstone of commercial quality to make the venture a commercial success and the stock an asset of value. There was no identifiable event indicating complete loss in 1926. The mere shutting down of the mill in that year was not conclusive, for prospecting continued even though nothing was uncovered. Liquidation did not occur until 1927. There remained hope and possibility of success as the operations continued, and it cannot be considered a closed transaction in 1926. Deeds v. Com'r, 47 F.(2d) 695 (C. C. A. 6).

Order affirmed.