### ROSING v. CORWIN.
### No. 193.

Circuit Court of Appeals, Second Circuit.

March 1, 1937.

Lester M. Friedman, of New York City (Jacob I. Berman, of New York City, of counsel), for appellant.

Robert H. Jackson, Asst. Atty. Gen., Sewall Key and J. Leonard Lyons, Sp. Assts. to Atty. Gen., and Leo J. Hickey, U. S. Atty., of Brooklyn, N. Y., for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

In his income tax return for 1929, appellant deducted $2,900 as a worthless debt owed him by the American Illuminating Company, and $9,000 representing his stock investment in that company which is claimed to have become worthless in 1929.

The Commissioner allowed the former deduction and disallowed the deduction for worthless stock. The tax was paid under protest, and this suit followed. It was tried to a jury and at the conclusion of appellant's case a verdict was directed against him. The deduction for worthless stock was the only item in dispute.

The American Illuminating Company was engaged in the manufacture of automobile parts and ceased operations in 1927. Its merchandise and dies were then placed in a warehouse, where they remained until they were sold for junk in 1929. After cessation of business in 1927, the company sought to liquidate its assets. Unsuccessful efforts were made to sell the business. There is evidence that on December 31, 1928, the company's assets consisted of raw materials valued at $3,000, accounts receivable totaling $5,000, and dies worth $20,000. In 1929, $1,000 of accounts were collected and paid to the appellant, thus reducing the company's debt to him to $2,900. In 1929 the company had no other debts; its outstanding capital stock equalled $17,500.

■ Under the Revenue Act of 1928 (45 Stat. 800, § 23 (e) (2), 26 U.S.C.A. § 23 note), deductions may be taken for losses "incurred in any transaction entered into for profit, though not connected with the trade or business." Treasury Regulation 74, Art. 174, allows a deduction for worthless stock "provided a satisfactory showing of worthlessness be made." The burden of showing that the loss occurred in the taxable year is therefore upon the taxpayer. Little v. Helvering, 75 F.(2d) 436 (C.C.A. 8). Concluding that this burden had not been adequately borne by the appellant, the court below directed a verdict against him. We think a question of fact was presented by the evidence which should have been submitted to the jury.

Usually it is said that the taxpayer must prove the identifiable event by which the loss is clearly evidenced. The taking of a loss, like the realization of a gain, is predicated upon the existence of a closed transaction such as a sale, exchange, or an extinction of value. The event which identifies a loss by a collapse in the value of securities may be single or may comprise a series of facts. In Squier v. Com'r, 68 F.(2d) 25 (C.C.A. 2), the taxpayer sought to take a stock loss in 1926. The corporation had been operating at a loss from 1914 to 1926, at which time it ceased to do business. A deduction was denied, since in view of the persistent operating losses, it was held that the stock had not been shown to be any more worthless in 1926 than in the preceding years. In Gowen v. Com'r, 65 F.(2d) 923 (C.C.A. 6) certiorari denied 290 U.S. 687, 54 S.Ct. 123, 78 L.Ed. 592, the corporation began liquidating in 1918. In 1924 the taxpayer sold all his shares and demanded a deduction in that year for loss incurred in the sale of common stock. The corporation had a block of preferred stock outstanding which was preferred in distribution. The deduction was denied, since the taxpayer had not shown that the corporation's assets had a value in the years prior to 1924 in excess of the value of the preferred stock.

■ In the instant case, the corporation had begun liquidation in 1927. Its business operations ceased and it sought to find a buyer who would continue the business as a going concern. In this it was unsuccessful. But on December 31, 1928, it had assets valued at $28,000; its outstanding capital stock totaled $17,500; and its sole debt, so far as the record shows, was to the appellant for $3,900. Of this it paid $1,000 in 1929 by virtue of collections of its accounts receivable. Though the company ceased business in 1927, this fact is not conclusive. Benjamin v. Com'r, 70 F.(2d) 719 (C.C.A. 2). Undoubtedly the appellant's stock had undergone a substantial diminution in value; but partial losses are ordinarily not deductible if the stock retains some value and is not disposed of. Dresser v. United States, 55 F.(2d) 499 (Ct.Cl.), certiorari denied 287 U.S. 635, 53 S.Ct. 85, 77 L.Ed. 550. Of course, not every possibility of value will be considered. De Loss v. Com'r, 28 F.(2d) 803 (C.C.A. 2), certiorari denied 279 U.S. 840, 49 S.Ct. 254, 73 L.Ed. 987. If it were, taxpayers might freely manipulate their losses and take them in convenient years. But that is not this case. As financial matters stood in 1929, we cannot say that a jury might not find that the shares of stock became worthless in that year. The appellant's conclusion that his shares retained some value up to that time rested on more than idle optimism.

Judgment reversed.