1014

CURTIS v. HELVERING, Commissioner of Internal Revenue.

No. 206.

Circuit Court of Appeals, Second Circuit.

April 8, 1940.

Norborne P. Gatling, Jr., of New York City, for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and John A. Gage, Sp. Assts. to the Atty. Gen., for respondent.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

The only question in this case is whether the taxpayer was justified in reserving to the year 1934 the deduction of part of a bad debt, or whether the whole loss had beyond peradventure happened in 1933. It is of course true that the taxpayer has some latitude as to the year he chooses for deduction; that is, he may select that year in which a reasonable person would have said that the loss occurred, even though the event prove him wrong. Avery v. Commissioner, 5 Cir., 22 F.2d 6, 55 A.L.R. 1277; Sherman v. Blair, 2 Cir., 35 F.2d 713; Blair v. Commissioner, 2 Cir., 91 F.2d 992. But if he postpones the deduction to a year to which nobody could reasonably defer the loss, his privilege is gone, however honest he may be. Thus the question at bar was one of fact, as to which the finding of the Board was conclusive unless it was without support. Here we do not understand how anyone could have thought that the taxpayer could have collected a farthing after 1933. The only asset of the debtor—a parcel of land in Long Island—had been sold in 1933 for $7,500 which the taxpayer collected and credited on the debt. There is a faint suggestion that this transaction might not have stood, as the shareholders had not ratified it; but that is baseless. The taxpayer and his brother-in-law together owned all the shares, and he had certainly ratified the sale. The brother-in-law never did in fact object to it, and if there ever was the least possibility that he might do so, it rested upon the taxpayer to prove it. Of course the corporate franchise remained, but one could raise no money on that; and the company had no capacity to pay without some new capital, which, so far as appears, nobody stood ready to subscribe. Besides, even if we could for ourselves see more basis for the postponement than we can, certainly the Board was within its powers in finding that there was none.

Order affirmed.