## A. R. JONES OIL & OPERATING CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 2066.

Circuit Court of Appeals, Tenth Circuit.

Sept. 6, 1940.

Before PHILLIPS and WILLIAMS, Circuit Judges, and MURRAH, District Judge.

MURRAH, District Judge.

The Commissioner of Internal Revenue[1] determined a tax deficiency against A. R. Jones Oil Company[2] for the calendar year of 1935, in the total sum of $56,582.56. On redetermination, before the Board of Tax Appeals,[3] the deficiency was affirmed with immaterial modifications. The deficiency arose from the disallowance by respondent of a claimed deduction in the sum of $300,000 for worthless stock of the Continental Building Company, owned by the petitioner and charged off its books as a loss in the year of 1935.

The stock is worthless. The sole question for consideration is what year did it become worthless. The Board says it does not know in what year it became worthless but that it was not in 1935, because there was no identifiable final event conclusively establishing that the stock became worthless in that year.

Briefly, the facts reveal that in the year of 1922, the petitioner acquired 5,000 shares of the common stock of the Continental Building Company at a cost of $300,000. The Continental owned the Kansas City Athletic Club building used, or to be used, as a private club for its membership. The building and fixtures therein cost approximately $3,830,424.17. In addition to the issuance and sale of the common stock, one-half of which is involved here, the corporation issued and sold $1,600,000 six and one-half per cent first mortgage bonds, secured by a deed of trust on the property and a chattel mortgage on the fixtures.

Operating losses and improvements necessitated further refinancing and in 1930 additional bonds were issued in the sum of $1,300,000. Said bonds were secured by a second mortgage, or deed of trust, did not bear interest, and were sold to the stockholders only. It may be said that this transaction was a contribution by the stockholders to the capital investment because at the time of the issuance of the bonds and the sale to the stockholders, the revenue from the building was insufficient to meet the principal and interest installments or to pay the operating expenses.

Perry W. Shrader and Cecil H. Haas, both of Kansas City, Mo. (Shrader, Haas & Washington, of Kansas City, Mo., of counsel), for petitioner.

L. W. Post, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewell Key, Sp. Asst. to Atty. Gen., on the brief), for respondent Commissioner of Internal Revenue.

---

[1] Hereinafter called respondent.
[2] Hereinafter called petitioner.

[3] Hereinafter called Board.

In 1932 the Continental defaulted in the principal and interest on the first mortgage bonds and the Trustee filed suit for foreclosure, alleging the income on the property was insufficient to pay the upkeep, taxes, interest and principal; that the fair cash market value of the property was less than the amount of the indebtedness. The property was operated by receivers until the Federal Court of the Western District of Missouri appointed a Trustee under the Corporate Re-Organization Act (Bankr.Act § 77B, 11 U.S. C.A. § 207), on July 1, 1935. On that date, it was alleged in the petition for reorganization that the Company was unable to meet its debts at maturity. The balance sheets prepared on order of the Federal Court, based on the book value of the property, showed an equity in the stockholders, as of June 30, 1935, in the amount of $1,133,171.58. From its inception the Company showed an operating deficit and on June 30, 1935, the deficit amounted to $439,974.67. This amount had been carried forward from year to year. The building had been converted into a public hotel in an effort to attract additional revenue, in order to reduce operating losses and establish a profitable enterprise.

Upon adjudication in bankruptcy and appointment of a Trustee, under the Corporate Re-Organization Act, the stockholders and the bondholders and other creditors began negotiations, looking toward an adjustment of the liabilities to the assets in order to arrive at a sound capital structure on which a profitable enterprise could be evolved. Attorneys for the stockholders met with a bondholders' committee on several occasions. It was first tentatively agreed that the stockholders would participate in a plan or reorganization to the extent of 1/20th of the original investment in the common stock. This plan was neither submitted to, nor approved by, the Court but is evidence that all interested parties acknowledged the stockholders had potential equity in the building in excess of the bonded indebtedness and other liabilities.

The facts reveal that after considerable negotiations it was finally determined in December, 1935, there was no equity in the common stock and the stockholders could not participate in a plan of reorganization. The stock was charged off the books of petitioner as worthless. Thereafter the common stock was considered valueless, ordered cancelled and the ultimate plan or reorganization, which was submitted to, and approved by, the Court in 1937, did not receive anything of value for the cancellation of the stock.

The petitioner contends the stock became worthless in 1935, after it was determined the common stock could not participate in any plan of reorganization and it was entitled to deduct the same from its gross earnings in determining its tax liability for that year.

■ The statute applicable to the deduction here claimed is Section 23 of the Revenue Act of 1934 as amended.[4] The findings and conclusions of the Commissioner and the Board are presumptively correct and the factual findings are controlling,[5] but in so far as such findings and conclusions present mixed questions of fact and law, it is the province of this Court to review.

■ The function of this Court is to decide whether the correct rule of law was applied to the facts found by the Board; and whether there was substantial evidence before the Board to support the findings made.[6] The Board found the

---

[4] 26 U.S.C.A.Int.Rev.Code, § 23. "Deductions from gross income. In computing net income there shall be allowed as deductions: * * *

"(f) Losses by corporations. In the case of a corporation, losses sustained during the taxable year and not compensated for by insurance or otherwise."

Under Regulations 86, Article 23, (e)-4: "* * * If a stock of a corporation becomes worthless, its cost or other basis as determined and adjusted under Section 113 is deductible by the owner for the taxable year in which the stock became worthless, provided a satisfactory showing is made of its worthlessness."

[5] Brown v. Commissioner of Internal Revenue, 6 Cir., 94 F.2d 101; Phillips v. Commissioner, 283 U.S. 589, 599, 51 S.Ct. 608, 75 L.Ed. 1289; Tracy v. Commissioner, 6 Cir., 53 F.2d 575; Royal Packing Company v. Commissioner of Internal Revenue, 9 Cir., 22 F.2d 536; Avery v. Commissioner of Internal Revenue, 5 Cir., 22 F.2d 6, 55 A.L.R. 1277.

[6] "* * * and where the ultimate finding is a conclusion of law or at least a determination of a mixed question of law and fact, it is subject to judicial review." Marsch v. Commissioner of Internal Revenue, 7 Cir., 110 F.2d 423, 424; Quinn v. Commissioner of Internal

facts substantially as hereinbefore narrated. The legal question will be considered in the light of the facts herein set forth.

"The loss was sustained during the year the stock, in fact, became worthless. Actual worthlessness is the test and it is to be arrived at by practical considerations. Where certain identifiable events occur which clearly evidence the destruction of the value of a stock investment, the time of loss is fixed thereby and the taxpayer must take the loss in the year in which it occurs, as established by such identifiable events or occurrences. Furthermore, the burden is on the taxpayer to establish the loss in the year in which the deduction is claimed." Lambert v. Commissioner of Internal Revenue, 10 Cir., 108 F.2d 624, 625.[7]

The phrases, "identifiable events," "closed transactions," or "value becomes finally extinct" have been the subject of much controversy, and many authoritative decisions have defined those terms in connection with and as applied to the determination of the question of when a stock investment becomes worthless within the meaning and context of 26 U.S. C.A. Int.Rev.Code, § 23. The taxpayer has the duty to deduct the loss in the year in which it occurs. Lambert v. Commissioner of Internal Revenue, supra; Gowen v. Commissioner of Internal Revenue, supra. It is well settled by all the decisions that a loss occurs and may be deducted when there is no possibility of an eventual recoupment, and when evidenced by closed and completed transactions (United States v. S. S. White Dental Manufacturing Company, supra), or when human insight and business judgment dictates that the stock is worthless (De Loss v. Commissioner, supra; Forbes v. Commissioner, 4 Cir., 62 F.2d 571, 574), but the taxpayer may not be required to select the year at his peril, and "he may select that year in which a reasonable person would have said that the loss occurred," but honesty of belief is not the sole test. Curtis v. Helvering, 2 Cir., 110 F.2d 1014; Avery v. Commissioner of Internal Revenue, supra. Compare Moore v. Commissioner of Internal Revenue, 2 Cir., 101 F.2d 704; Quinn v. Commissioner of Internal Revenue, supra; Herskovits v. Commissioner of Internal Revenue, supra.

In looking for an "identifiable event" or a "closed transaction" or evidence that the "value has become extinct," the courts have used and rejected many variable transactions in the economic life of the thing sought to be deducted. When stock is to be considered worthless within the context and meaning of the statute can be answered only in the individual case, and the peculiar facts must govern.[8] It has been said that continuation in business is evidence of worth and that discontinuance of business indicates worthlessness. Brown v. Commissioner of Internal Revenue, supra. An operating deficit is not conclusive evidence of worthlessness. Royal Packing Company v. Lu-

---

Revenue, 5 Cir., 111 F.2d 372; Old Colony Trust Co. et al. v. Commissioner of Internal Revenue, 279 U.S. 716, 726, 49 S.Ct. 499, 73 L.Ed. 918; Helvering v. Rankin, 295 U.S. 123, 131, 55 S.Ct. 732, 79 L.Ed. 1343; Bogardus v. Commissioner of Internal Revenue, 302 U.S. 34, 58 S.Ct. 61, 82 L.Ed. 32; Washburn v. Commissioner of Internal Revenue, 8 Cir., 51 F.2d 949; Hughes v. Commissioner of Internal Revenue, 10 Cir., 38 F.2d 755.

"* * * and it becomes the duty of the court to decide whether the correct rule of law has been applied to the facts found." [110 F.2d 424]. Helvering v. Tex-Penn Oil Company, 300 U.S. 481, 491, 57 S.Ct. 569, 81 L.Ed. 755; Pearl E. Deputy et al. v. Pierre S. Du Pont, 308 U.S. 488, 60 S.Ct. 363, 84 L.Ed. 416, decided January 8, 1940; Helvering v. Kehoe, 309 U.S. 277, 60 S.Ct. 549, 84 L.Ed. 751; Marsch v. Commissioner of Internal Revenue, supra; Quinn v. Commissioner of Internal Revenue, supra; Herskovits v. Commissioner of Internal Revenue, 2 Cir., 110 F.2d 272.

[7] De Loss v. Commissioner, 2 Cir., 28 F.2d 803; Royal Packing Company v. Commissioner, supra; Gowen v. Commissioner, 6 Cir., 65 F.2d 923, 924; Denman v. Brumback, 6 Cir., 58 F.2d 128; Lucas, Commissioner of Internal Revenue v. American Code Co., Inc., 280 U.S. 445, 50 S.Ct. 202, 74 L.Ed. 538, 67 A.L. R. 1010; Brown v. Commissioner, supra; United States v. S. S. White Dental Manufacturing Company, 274 U.S. 398, 401, 47 S.Ct. 598, 71 L.Ed. 1120; Olds & Whipple, Inc. v. Commissioner, 2 Cir., 75 F.2d 272; Brooks v. United States, D.C., 32 F.Supp. 158.

[8] Paul and Mertens, Law of Federal Income Taxation, Vol. 3, Page 310, Section 26.67.

cas, supra. Compare Rosing v. Corwin, 2 Cir., 88 F.2d 415. Bankruptcy is an indication of worthlessness, but standing alone does not conclusively establish worthlessness, especially if the corporation in which the stock is owned is "unable to meet its debts as they matured." Trowbridge v. United States, D.C., 32 F. Supp. 852, 856; Gowen v. Commissioner of Internal Revenue, supra; Jeffery v. Commissioner of Internal Revenue, 6 Cir., 62 F.2d 661. Neither is the fact that the stock may have only a nominal value conclusive. Brown v. Commissioner of Internal Revenue, supra. Receivership may or may not indicate worthlessness. R. D. Jones v. Comm., 29 B.T.A. 928.

█ █ It is, therefore, apparent that the event which identifies the loss, as evidenced by "closed and completed transactions" or the year in which the value "becomes extinct," when considered in the light of a practical and not a legal test, in the circumstances presented here cannot be said to be a single transaction, but comprises a series of composite events as contemplated by the purpose of the statute. Snowden v. McCabe, 5 Cir., 111 F. 2d 743, 745; Rosing v. Corwin, supra. Having in mind the privilege extended to the taxpayer under the provision of the Act, it is important to consider the question of whether or not the taxpayer has selected this particular year because of its propitious application to his business loss and gain for that particular year. It is inferred but there is no evidence to support it that the taxpayer selected this particular year because of particular advantages to him. Rosing v. Corwin, supra. This seems to be the underlying conflict between the taxpayer and the taxing authority. Here, as in many considered cases, we are dealing with a course of conduct which portrays the struggle of a business concern to weather the financial storm, and salvage something from what finally proved to be an improvident venture. It was born of and had its struggle for existence in the throes of the depression, believed to be of temporary duration. Ordinary optimism, coupled with a tenacious desire to perpetuate the enterprise, put its affairs in the hands of a creditors' committee in 1932, into state receivership in 1933, and a reorganization under the rehabilitative provisions of the Bankruptcy Act in 1935, § 77B, 11 U.S.C.A. § 207, with a subsequent negotiation for salvage of value in the stock after July 1, 1935. The proper application of the law of taxation requires a realistic and practical application of the problems at hand. It is difficult to say that the venture was a failure and the investment a loss, while the judgment of the petitioner dictated a continuation of his efforts to perpetuate his investment. Trowbridge v. United States, supra, 32 F.Supp. at page 856. A deficit is not an irretrievable loss. Neither operation by a creditors' committee, equity receivership, nor reorganization in bankruptcy would necessarily amount to extinguishment of value. But when considered together, as a series of transactions culminating in the decision of the creditors who had control under the provisions of the reorganization act not to accord any value to the common stock, these occurrences constituted an identifiable event evidenced by closed transactions. Furthermore, book value given to the stock by the balance sheet in March and June of 1935 and considered by the Board as evidence of value must be considered in the light of the ultimate result of negotiations for a plan of reorganization.

This Court held in Lambert v. Commissioner of Internal Revenue, supra, that the stock in a corporation adjudged bankrupt in 1933, having a conversion value until the latter part of that year and none afterwards, became worthless upon the expiration of the conversion offer; and in the absence of a showing that the stock had value under reorganization, the loss occurred in the year in which it was adjudged bankrupt (1933) under the reorganization amendment, and denied a deduction claimed in 1934. Compare Coleman v. Commissioner of Internal Revenue, 10 Cir., 81 F.2d 455.

We conclude as a matter of law that as far as human insight and practical judgment dictate, the value of the stock became worthless when it was finally determined after a series of negotiations that no value could be given to the stock in the reorganization of the Company. Bancroft v. United States, Ct.Cl., 33 F.Supp. 225.

We hold that the identifiable events conclusively proving the worthlessness of the stock occurred in 1935, and that the facts established the loss in that year and that the petitioner is entitled to deduction.

The decision of the Board of Tax Appeals is reversed in accordance with the views herein expressed.