## MIAMI BEACH BAY SHORE CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10644.

Circuit Court of Appeals, Fifth Circuit.

June 23, 1943.

John H. Wahl, Jr., and Robert H. Anderson, both of Miami, Fla., for petitioner.

Willard H. Pedrick and Sewall Key, Special Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Bernard D. Daniels, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before HUTCHESON, HOLMES, and WALLER, Circuit Judges.

HUTCHESON, Circuit Judge.

Disallowing a deduction of $50,012 claimed by taxpayer in its fiscal year ending August 31, 1937, as a loss on stock in Peninsula Terminal Corporation becoming worthless in that year, the commissioner determined, and the Board of Tax Appeals (now Tax Court) affirmed, a deficiency in excess profits and income taxes for that year of $10,052.41. The commissioner disallowed the loss on the grounds that the stock had become worthless in the prior year, and also that taxpayer had not established its basis in the stock. The Board, passing the second ground without deci-

sion, affirmed the commissioner's determination on the ground that taxpayer had failed to overcome the commissioner's finding that the stock became worthless prior to the taxable year.

 If the question for determination were whether the stock had, prior to the taxable year, lost the greater part of its value, we should agree readily with the Board. But that is not the question. As long as the stock has any value, either present or potential, the taxpayer may not claim a deduction on account of its value shrinkage. By the same token, the government may not deprive the taxpayer of its right to make the claim when the last vestige of value has disappeared. Plaintiff assumed and by evidence discharged its burden to overthrow the commissioner's findings. It proved by every person having practical knowledge of and connection with the terminal company, including the temporary trustee, that on May 31, 1936, when Terminal filed its petition for section 77B, Bankr. Act, 11 U.S.C.A. § 207, reorganization and thereafter until February 12, 1937, when the stockholders had their meeting and adopted a resolution for liquidation, there was a prospect of reorganizing the company. The February 12th meeting and the passage of the resolution brought this prospect to an end and furnished the identifiable event which definitely dated the loss as occurring within the fiscal year for which taxpayer claimed it. A taxpayer must claim the loss in the year in which it occurs, and the presumption which follows an adverse finding by the commissioner requires it to produce evidence to support its claim to the contrary. This presumption which attended the commissioner's finding here was, however, not a permanent but a temporary presumption which disappeared in the light of the controlling and undisputed fact that throughout the whole of the fiscal year 1936 and until the middle of the fiscal year 1937, when the stockholders by their resolution brought to an end all prospects of reorganization, there still was life in the company, there still was value, though potential only, in its stock. Congress in conferring the deduction in the general terms of Sec. 23(f),[1] and the Treasury in its Regulation 94, Revenue Act of 1936 [2] did

---

[1] "(f) Losses by corporations. In the case of a corporation, losses sustained during the taxable year and not compensated for by insurance or otherwise." 26 U.S.C.A. Int.Rev.Code, § 23(f).

[2] "Art. 23(e)-4. Shrinkage in value of stocks.—A person possessing stock of a corporation cannot deduct from gross income any amount claimed as a loss merely on account of shrinkage in value

not set up a mere catch penny contrivance to be operated like a snare. It was expected that the loss thus allowed would be arrived at practically and by common sense methods, not by methods which break the promise to the hope while they keep it to the ear, and the courts and the Board have usually come up to that expectation.[3]

Because of the error in finding that the presumption attending the commissioner's determination had not been overcome, the order affirming that determination will be reversed, and the cause will be remanded for trial anew on both issues (1) when the claimed loss occurred and (2) its basis.

Reversed and remanded.

of such stock through fluctuation of the market or otherwise. The loss allowable in such cases is that actually suffered when the stock is disposed of. If stock of a corporation becomes worthless, its cost or other basis as determined and adjusted under section 113 is deductible by the owner for the taxable year in which the stock became worthless, provided a satisfactory showing is made of its worthlessness. * * *."

[3] Lucas v. American Code Co., 280 U. S. 445, 50 S.Ct. 202, 74 L.Ed. 538, 67 A.L.R. 1010; A. R. Jones Oil & Operating Co. v. Comm., 10 Cir., 114 F.2d 642; Trowbridge v. United States, D.C., 32 F. Supp. 852; Eysenbach v. Comm., 10 B. T.A. 716; Sterling Morton v. Comm., 38 B.T.A. 1270, affirmed, 7 Cir., 112 F.2d 320; Coleman v. Comm., 10 Cir., 81 F.2d 455; Deeds v. Comm., 6 Cir., 47 F.2d 695; Colley Butler, 45 B.T.A. 593; Dunbar v. Comm., 7 Cir., 119 F.2d 367, 135 A.L.R. 1424.