John H. BECKER and Elizabeth Becker, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. No. 02942.

United States District Court
D. Nebraska.

Jan. 28, 1970.

Edward G. Garvey, and James R. McGreevy, Omaha, Neb., for plaintiffs.

Darrell Hallett and James Parker, Dept. of Justice, Washington, D. C., for defendant.

MEMORANDUM

RICHARD E. ROBINSON, Chief Judge.

This matter was tried to the Court without a jury, jurisdiction being based upon Title 28 U.S.C.A. § 1346 [a] [1]. It is basically a suit for a tax refund centering upon the issue of whether or not plaintiff's declaration of certain stock as worthless in 1956, thereby entitling him to a deductible tax loss, was allowable under the taxing laws. The Court is now ready to render a decision, announcing its findings of fact and conclusions of law.

Basically the issue here presented is whether plaintiff, John Becker, [his wife a party because a joint return was filed] had stock in a company called Townsend Motors which became worthless during the year 1956 thereby entitling plaintiff to a loss deduction pursuant to Section 165 of the Internal Revenue Code of 1954. More specifically the Court is faced with the problem where a plaintiff is a man well versed in business and familiar with the tax laws who declares his stock worthless in a corporation which completely ceased to operate in 1956, whose liabilities exceeded its assets during that year but which had accumulated operating losses in excess of $164,000. Taxpayer admits that he was aware of the tax advantages of placing a new business within the corporate shell. He also states that certain negotiations had occurred during 1956 in order to make use of the previous losses. The evidence also shows however that as of the date that plaintiff states the stock to be worthless, December 31st, 1956, there were no negotiations in progress nor were any specifically being contemplated. In short there was no business in sight although there still re-

mained a desire to make use of the corporation in order to take advantage of the tax consequences.

The facts which present this issue are simple and not essentially in dispute. Plaintiff-taxpayer acquired 890 shares of the predecessor of Townsend Motors for $93,450 in 1951. There is no dispute that if the Court were to hold the stock worthless then taxpayer's capital loss carryover from the year 1956 was $86,091.52. In about 1952 the corporation began to sustain losses which were never recovered as of December 31st, 1956. As of that date liabilities exceeded assets. In the late spring of 1956 the corporation ceased to operate but still remained in existence. Taxpayer after that date attempted to find a new business for the corporation and at least on one occasion went into negotiations. Taxpayer does state that after these negotiations failed there was no business in sight as of December 31st, 1956 but that he hoped that the losses previously incurred might still be utilized. In the summer of 1957 after declaring the stock worthless and by this time being the sole owner of Townsend Motors, taxpayer's corporation acquired and operated at a profit a lumber business in California utilizing Townsend's losses to offset income.

The writer points out at the outset that from these facts this is not a case where a taxpayer buys a corporation merely to utilize its tax losses. There was initially from the time the stock was bought a profit and a period of five years from the date bought until the business completely ceased to operate. It may be deduced therefore from its history and the time span occurring to its ceasing operations that the taxpayer did not therefore buy the corporation merely for its tax advantages now available.

As is usually the case there is no hard and fast rule that will enable the Court to determine whether it was proper for the taxpayer to declare his stock worthless. In fact there seems to be a large variance of rules explainable however because of the variations in factual situations. The burden of producing evidence is upon the plaintiff. Taxpayer must prove that the stock is worthless and that it became worthless in the year claimed. Boehm v. United States, 326 U.S. 287, 66 S.Ct. 120, 90 L.Ed. 78 [1945]; Nicholson v. Commissioner, 90 F.2d 978 [8th Cir. 1937]; Eagleton v. Commissioner, 97 F.2d 62 [8th Cir. 1938]. As stated there is no set rule but rather each case must be determined upon its own particular facts and circumstances. Jones v. Commissioner, 103 F.2d 681 [9th Cir. 1939]; Rosing v. Corwin [Commissioner], 88 F.2d 415 [2d Cir. 1937]. As also previously stated the tests for worthlessness vary with the facts. These tests do seem however to be able to be separated into those favoring an objective test and those favoring the subjective. Concerning the objective versus the subjective, in Mertens, Law of Federal Income Taxation, § 28.67 it states:

"The Supreme Court stated that the standard to be adopted in determining worthlessness is a flexible, practical one, varying according to the circumstances of each case, with the taxpayer's attitude not to be ignored yet not to be codified as the decisive factor in every case." Boehm v. United States, *supra.*

The subjective test may best be illustrated by a Ninth Circuit opinion which states "the test should be whether a prudent purchaser in an arms-length transaction would have regarded the stock as representing any equity at all." pg. 326, Chap. 28, Mertens, Law of Federal Income Taxation. See Ainsley v. Commissioner, 332 F.2d 555 [9th Cir. 1964]. The government believes that under the facts here presented the Court should place particular emphasis upon subjectivity.

The objective test on the other hand would rely upon such factors as the liabilities exceeding the assets, providing the balance sheets in fact do indicate real value; prolonged operation at a

loss; and the possibility of continuing in business. See Mertens, Law of Federal Income Taxation, § 28.67.

Were this Court to adopt an objective theory exclusively, the taxpayer must prevail unless it were to hold that tax losses only would be a value which would prevent a stock from being declared worthless. Under that theory no stock would really be worthless as every stock would have potential value. On the other hand, under a subjective theory, if taxpayer, in his capacity as owner of the corporation, had some definite and specific plan in mind, at or closely proximate to the time the stock was declared worthless, to utilize the capital losses then perhaps some court may be able to say that the stock would not be worthless because then a potential value is present. That however is not our case. All this corporation had was $164,000 in losses which could be carried forward. Although this is a closely held corporation and taxpayer therefore has the control, and it is assumed the knowledge to attempt to utilize these losses, he tried on one occasion and, as of the date of the declaration, had a desire to utilize these previous losses but no concrete plans to reestablish this corporate shell in a new business.

■ If this Court adopts the government's theory in this case every taxpayer, at least every taxpayer who has the control of a closely held corporation, knowledge of the tax advantages and a desire to utilize these advantages, will be unable to take a deduction for worthless securities. As stated before, under this theory the tax advantages to his holdings would prevent his declaring those holdings as worthless. This Court does not believe, where the only evidence of some potential value remaining in a stock is carryforward losses and the knowledge and desire to utilize them, that the taxpayer should be prevented from declaring the stock worthless. If taxpayer allowed 1956 to pass because of a desire to utilize the previous losses the only evidence during 1957 or any subsequent year of worthlessness would be fu-tile attempts to make use of previous losses by forming a new corporation. As previously stated taxpayer must not only prove a stock is worthless but that it became worthless in the year in which the loss is taken. There would be no objective evidence of worthlessness for subsequent years as is present in 1956. This Court therefore holds that 1956 was the proper year to declare the stock worthless and that the taxpayer has carried his burden of proving worthlessness.

The foregoing Memorandum shall constitute the Court's findings of fact and conclusions of law in accordance with Rule 52 [a] of the Federal Rules of Civil Procedure. Counsel for plaintiff will prepare immediately an appropriate Judgment and Order.