George A. **HUDSPETH** et ux., **Vona Lee Hudspeth, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. CA–5–74–94.**

United States District Court, N. D. Texas, Lubbock Division.

May 7, 1975.

Jim Pete Hale, McGowan, McGowan & Hale, Bill McGowan, Brownfield, Tex., for plaintiffs.

Frank D. McCown, U. S. Atty., William W. Guild, Atty.-in-Charge Tax Div., Dept. of Justice, Lawrence R. Jones, Jr., Tax Atty., Tax Div., Dept. of Justice, Dallas, Tex., Roger McRoberts, Asst. U. S. Atty., Lubbock, Tex., for defendant.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

WOODWARD, District Judge.

This is an action brought by plaintiffs for the refund of income taxes and assessed interest for 1971 in the amount of $403.72, plus statutory interest. Plaintiffs are farmers in Terry County, Texas. Like most farmers who raise cotton, plaintiffs have acquired cotton allotments for use in their farming operation. During the years 1968 through 1970, plaintiffs purchased "cotton allotments" totalling 145.3 acres. For the year 1971, the national cotton allotment was reduced resulting in a 32.53% decrease in plaintiffs' cotton allotment acreage. Plaintiffs claimed a capital loss of $5,365.09 on their 1971 income tax return for the reduction of their cotton allotment.

Upon audit, the Commissioner of Internal Revenue determined that plaintiffs were not entitled to the claimed loss. An additional assessment was made against plaintiffs, plaintiffs paid the assessment, filed a claim for refund, and subsequently instituted this action.

The defendant, United States of America, has filed a motion for summary judgment alleging two grounds: (1) that plaintiffs had no loss in 1971 in respect to the rights purchased as "cotton allotments," and (2) assuming arguendo a diminution of value occurred to plaintiffs' "cotton allotments" in 1971, there was no closed and completed transaction fixed by identifiable events giving rise to a deductible loss. Since the court has decided to grant the motion for summa-

ry judgment on the second ground only, it is rendering no decision as to the first ground.

Section 165(a) of the Internal Revenue Code of 1954 (26 U.S.C.) allows "as a deduction any loss sustained during the taxable year" not compensated for by insurance or otherwise. Treasury Regulations on Income Tax (1954 Code), § 1.-165–1(b) (26 C.F.R.), states that to demonstrate a loss, a taxpayer must show a loss evidenced by a closed and completed transaction fixed by identifiable events. It is undisputed that the plaintiffs' cotton allotment acreage was reduced by 32.53% and no other question of fact is present relevant to this point. The court is of the opinion that the reduction of the plaintiffs' cotton allotment did not as a matter of law result in a closed and completed transaction fixed by identifiable events. John R. Thompson Co. v. United States, 477 F.2d 164 ((7th Cir. 1973). The court views the plaintiffs' cotton allotment as a unit capable of being expanded and contracted each year as the Secretary of Agriculture adjusts the national cotton allotment. These yearly adjustments by the Secretary of Agriculture should not be viewed as additions to or deductions from a farmer's cotton allotment for to do so would create administrative problems of valuation and reporting of the gains and losses experienced by the numerous farmers across the nation. Viewed as a single unit capable of being expanded and contracted, the cotton allotment is analogous to a share of stock for which a taxpayer may not claim a deduction on account of its value shrinkage. Miami Beach Bay Shore Co. v. Commissioner of Internal Revenue, 136 F.2d 408 (5th Cir. 1943). Therefore, plaintiffs are not entitled to a loss deduction for the decrease in their cotton allotment for 1971.

Since there is no question of fact and the defendant is entitled to judgment as a matter of law, the court hereby Grants the defendant's motion for summary judgment.