**MASONITE CORPORATION, Plaintiff,**

**v.**

**UNITED STATES of America,
Defendant.**

Civ. A. No. J75–8(C).

United States District Court,
S. D. Mississippi,
Jackson Division.

Feb. 2, 1977.

Harris B. Henley, Hazlehurst, Miss., for plaintiff.

Robert E. Hauberg, U. S. Atty., Jackson, Miss., Jack D. Warren, U. S. Dept. of Justice, Washington, D. C., for defendant.

WILLIAM HAROLD COX, District Judge.

This case was tried by the Court without the intervention of a jury and from the evidence and testimony adduced before the Court, it makes the following finding of facts and conclusions of law.

This is a suit for the refund of federal income taxes and interest paid for the fiscal year ended July 31, 1966, instituted against the United States by Masonite Corporation as successors by merger of Hood Industries, Inc., which during the period involved was known as Mississippi Industries, Inc.

Mississippi Industries, Inc., referred to herein as MII, was incorporated in 1960 with among other stated purposes and powers, to purchase and invest in stocks of other corporations. In each of the years 1961–1966 it owned the stock of several subsidiary corporations including Atlas Fertilizer and Chemical Company, Inc., herein called Atlas, and Natchez Productions, Inc., herein called Natchez, specifically involved and specially considered herein. During fiscal 1964, MII sold the stock of Atlas and Natchez at substantial losses, and in its consolidated tax return for fiscal 1966 it deducted such losses from the taxable income as a net operating loss carry over. As a consequence, the fiscal 1966 return showed no actual taxable income.

On audit of the fiscal 1966 return, the Internal Revenue Service determined that MII sustained losses on the sale of the Atlas and Natchez stocks in the amount of $243,-097.71 and $303,328.44, but that such losses were capital losses deductible only to the extent of capital gains. Inasmuch as MII had no capital gains, the determination resulted in a disallowance of the losses claimed as deductions and the assessment and payment of tax deficiencies thereon sought to be recovered herein. The plaintiff paid said amount as deficiencies and sues for the recovery thereof. All procedural prerequisites to this suit were duly performed.

The plaintiff contends that the determination of the Internal Revenue Service was erroneous, and that all or some part of the losses in question were ordinary losses deductible by MII in the fiscal year 1966 as a net operating loss carry over against ordinary income as claimed on one of three grounds stated in the alternative, in substance as follows: First, the stock of Atlas and Natchez were noncapital assets in the hands of MII within the purview of *Corn Products Refining Company v. Commissioner,* 350 U.S. 46, 76 S.Ct. 20, 100 L.Ed. 29; second, because MII sold such stock without receiving any monetary consideration for it. It "was worthless" during fiscal 1964 and deductible by MII as wholly worthless stock of affiliated corporations under § 165 of the Internal Revenue Code of 1964; and, third, loans and advances to Atlas and Natchez of $17,202.84 and $192,026.63 were deductible by MII as wholly worthless debts under § 166(a) of the Internal Revenue Code of 1954.

■ There is no merit to the plaintiff's first contention. MII made investments in corporate stock, including the stock of Atlas and Natchez, for the purpose of enjoying the normal investor's return from such investment. The evidence of record does not establish that it acquired the stock of Atlas or Natchez, or the stock of any other corporation as an integral act in the conduct of a business of its own. While it is undoubtedly true that it devoted substantial time and attention to its subsidiaries, any monetary return to it though substantially the product of its services, arose not from its own trade or business, but from that of the corporations. In each tax return for 1961, 1962, 1963, 1964, 1965 and 1966 all reference to their stock was as "investments."

■ MII received valuable consideration on the disposition of the stock of Atlas and Natchez, namely releases from guaranty obligations in excess of $275,000 with respect to the former, and retention of assets having a value of $108,695.68 with respect to the latter. Thus, there is no merit to plaintiff's second contention that it sold Atlas and Natchez stock without receiving any monetary consideration for it. Moreover, the plaintiff offered no evidence, and there is nothing in the record which indicates that such stock became wholly worthless during fiscal 1964. There is, therefore, no basis for the allowance of a worthless stock deduction to MII under § 165 of the Internal Revenue Code of 1954.

■ Finally, there is no merit to plaintiff's third contention that loans and advances to Atlas and Natchez were deductible by MII as wholly worthless debts pursuant to § 166(a) of the Internal Revenue Code of 1964. In the second place, and of equal if not greater importance, the "loans and advances" to Atlas were contributed by MII to the capital of Atlas by formal resolution adopted on January 15, 1964; and those to Natchez were caused to be evidenced by notes and sold with the stock of Natchez. In short, plaintiff failed to prove that existing indebtedness of Atlas and Natchez to MII became worthless during 1964. That being so, there is no basis for the allowance by MII of the loan and advances it made to Atlas and Natchez as deductions.

■ This Court has full jurisdiction of the parties to and the subject matter of this suit under 28 U.S.C., 1970 ed., § 1346. The plaintiff in this case has the burden to show this Court by the greater weight of the more convincing evidence that the determination, or decision of the Internal Revenue Service is erroneous and that it is entitled to a refund, and it must show the amount of such entitlement. *Taylor v. Commissioner,* (2CA) 70 F.2d 619, 620–621; *Boehm v. Commissioner,* 326 U.S. 287, 66 S.Ct. 120, 90 L.Ed. 78; *Booth Newspapers, Inc. v. U. S.,* 303 F.2d 916; *Whipple v. Commissioner,* 373 U.S. 193, 83 S.Ct. 1168, 10 L.Ed.2d 1082.

■ MII is not entitled to a worthless stock deduction with respect to the stock of Atlas or Natchez under § 165 of the Internal Revenue Code of 1954 because the plaintiff failed to establish by some identifiable event that such stock either was or became worthless during fiscal 1964. *Miami Beach Bay Shore Company v. Commissioner,* (5CA) 136 F.2d 408; *875 Park Avenue Company v. Commissioner,* (2CA) 217 F.2d 699, 701; *Feinstein v. Commissioner,* 24 T.C. 656, 658 (1955); Treasury Regulations on Income Tax (1954 Code) § 1.165–5(b).

MII is not, as the result of loans and advances to Atlas or Natchez, entitled to any worthless debt deduction under § 166(a) of the Internal Revenue Code 1954 for the reason that there is no evidence before the Court, or in this record which shows that the existing indebtedness of Atlas or Natchez to MII was or became wholly worthless during 1964. *United States v. Henderson,* (5CA) 375 F.2d 36, 39. The plaintiff has failed to show the Court by requisite proof that it is entitled to a judgment in this case in any amount, and its complaint herein is adjudged to be without merit and will be dismissed at its cost.

A judgment accordingly will be prepared and entered by the Court.